SHANNON L. ERNSTER (SBN: 264940)
sernster@grsm.com
HELA VAKNIN (SBN: 342083)
hvaknin@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendant
NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH FEDER, M.D., INC., <br><br> Plaintiff, <br><br> vs. <br><br> AMTRAK COMPANY, and DOES 1-10, <br><br> Defendants. | CASE NO. 2:25-cv11968 <br> *Judge:* <br><br> *Los Angeles County Superior Court Case No. 25STCV32736* <br><br> **DEFENDANT'S NOTICE OF REMOVAL** <br><br> State Court Complaint Filed: November 10, 2025 <br><br> Accompanying Document: <br> Declaration of Heather S. Gelfuso; <br> Declaration of Shannon L. Ernster |

-1-
DEFENDANT'S NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK ("Amtrak") hereby removes Civil Case Number 25STCV32736 from the Superior Court of the State of California, County of Los Angeles, to the United States District Court, Central District of California, based on: (1) federal question jurisdiction under: (a) 28 U.S.C. §§ 1331 and 1441 over matters arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), and (b) 28 U.S.C. §§ 1331 and 1349 over matters against a corporation established by or under an Act of Congress, where the United States is the owner of more than one-half of its capital stock; and (2) federal diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**A.   COMMENCEMENT AND SERVICE**

1.   On November 10, 2025, Plaintiff Keith Feder, M.D., Inc. ("Plaintiff") commenced an action against Amtrak in the Superior Court of the State of California for the County of Los Angeles, entitled *Keith Feder, M.D., Inc. v. Amtrak Company,* Case No. 25STCV32736.  A true and correct copy of the Complaint filed in the state court on November 10, 2025, by Plaintiff is attached to the Declaration of Shannon L. Ernster, as Exhibit A, ¶ 3 filed concurrently with this Notice of Removal.

2.   Amtrak was served with the Summons and Complaint on November 18, 2025.  Declaration of Heather S. Gelfuso ("Gelfuso Decl."), ¶ 3.

3.   Thirty days since Amtrak was served with the Complaint have not passed, and this matter remains removable to Federal Court.

**B.   REMOVAL BASED ON FEDERAL QUESTION JURISDICTION**

4.   First, this Court has jurisdiction under 28 U.S.C. § 1441 over matters arising under ERISA.

5.   ERISA governs health care plans offered as part of employee benefit

plans.  29 U.S.C. § 1003(a); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987).  Likewise, the enforcement of rights under an employee benefit plan is subject to and governed by ERISA.  29 U.S.C. § 1132(e)(1); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41 (1987).

6. Pursuant to section 1132(a)(1)(B) "[a] civil action may be brought – (1) by a participant or beneficiary – . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. §1132(a)(1)(B).

7. Plaintiff seeks further payment for medical services allegedly provided by Plaintiff to a single patient, identified in the Complaint as "Patient RS" (hereinafter, the "Patient").  Complaint, ¶¶ 27-63.

8. Plaintiff alleges that the Patient's health plan is governed by ERISA, and that it seeks to recover benefits and to enforce the Patients' rights to benefits under 29 U.S.C. § 1132(a)(1)(B).  Complaint, ¶¶ 21, 81-83.

9. Plaintiff further alleges that it is the assignee of the Patient's rights under their ERISA Plan, that it is the beneficiary entitled to collect benefits under ERISA, and that it is thus the "'claimant' for purposes of the ERISA statute and regulations."  Complaint, ¶ 81.

10. Accordingly, this action arises under ERISA, ERISA preempts all of Plaintiff's state-law claims in the Complaint, and removal of this case to federal court is proper because Plaintiff's claims arise under federal law. *Metropolitan Life Ins. Co.*, 481 U.S. 58; *see also, Stuart v. Unum*, 217 F.3d 1145 (9th Cir. 2000).

11. Second, the creation of Amtrak was authorized by the Rail Passenger Service Act of 1970, 49 U.S.C. § 24101, *et seq.*  Gelfuso Decl., ¶ 4.

12. This Court has original jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1349 because Amtrak was established by an Act of

-3-
DEFENDANT'S NOTICE OF REMOVAL

1 Congress, and the United States owns over one-half of its capital stock.

2     13.    Accordingly, removal to federal court on this basis is also proper.

**C. REMOVAL BASED ON DIVERSITY JURISDICTION**

    14.    In the alternative, this District Court has diversity jurisdiction over this action under 28 U.S.C. § 1332. This action may be removed pursuant to 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00.

    15.    Diversity jurisdiction in this matter is proper because:

    (a)    In the Complaint, Plaintiff seeks monetary damages based on Amtrak's alleged underpayment for medical services rendered by Plaintiff to the Patient, who was allegedly enrolled in a health plan issued by Amtrak. Complaint, ¶¶ 6-7. Plaintiff alleges that it submitted bills to Amtrak for the services rendered to the Patients, and that Amtrak underpaid Plaintiff for the services. *Id.*, at ¶¶ 51, 58-63.

    (b)    Plaintiff alleges damages of $238,432.44, plus interest. Complaint, p. 1, Prayer, ¶¶ 1-2.

    (c)    Plaintiff alleges it is a company organized and existing under the laws of the State of California. Complaint, ¶ 1.

    (d)    Amtrak is a District of Columbia corporation. Its creation was authorized by the Rail Passenger Service Act of 1970, 49 U.S.C. § 24101, *et seq.* Amtrak's principal place of business is in the District of Columbia. Gelfuso Decl., ¶ 4.

    16.    Accordingly, diversity exists between Plaintiff and Amtrak, and diversity jurisdiction is therefore proper.

/ / /
/ / /
/ / /
/ / /

## D. PRAYER

WHEREFORE, Amtrak prays that this action be removed from the Los Angeles County Superior Court to the United States District Court for the Central District of California.

Dated: December 18, 2025

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ *Shannon L. Ernster*
Shannon L. Ernster
Hela Vaknin
Attorneys for Defendant
NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK

# PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 633 West Fifth Street, 52nd Floor, Los Angeles, California 90071. On **December 18, 2025**, I served a copy of the within document(s):

## DEFENDANT'S NOTICE OF REMOVAL

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Jonathan A. Stieglitz
THE LAW OFFICES OF JONATHAN A. STIEGLITZ
11845 W. OLYMPIC BLVD., STE. 800
LOS ANGELES, CA 90064
Tel: 323-979-2063
Fax: 323-488-6748
Jonathan.a.stieglitz@gmail.com
**Attorneys for Plaintiff**
***KEITH FEDER, M.C. INC.***

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **December 18, 2025**, at Los Angeles, California.



Frances Perez